IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02015-MSK-KMT

NICOLE LUMPKIN,

 Plaintiff,

v.

RODNEY CLARK, individually and as a Police Officer of the City and County of Denver,
GERALD R. WHITMAN, individually and as Chief of Police of the City and County of Denver,
JOHN HICKENLOOPER, individually and as Mayor of the City and County of Denver,
and the
CITY AND COUNTY OF DENVER, a municipal Corporation,

 Defendants.

---

## AMENDED ORDER

---

 This matter is before the court on several intertwined motions concerning the production

of evidence and documents constituting "criminal justice records" which were sealed pursuant to

the provisions of the Colorado Criminal Justice Records Act, Colo. Rev. Stat. § 24-72-301.

## I. PROCEDURAL BACKGROUND

### A. Defendants' Motion to Compel

 On February 14, 2008 defendants filed a Motion to Compel [Doc. No. 25] seeking the

court's intervention to obtain the deposition of plaintiff, Nicole Lumpkin.  The defendants,

Rodney Clark (hereinafter "Clark") together with Gerald R. Whitman, John Hickenlooper and

City and County of Denver (hereinafter "the City Defendants"), allege that in spite of many

attempts to schedule the deposition, plaintiff's counsel has refused to allow the deposition to proceed. Plaintiff filed her response on March 10, 2008 [Doc. No. 30], in accord that the plaintiff had not presented herself for deposition, but reasoning she should not be compelled to render sworn testimony because the defendants refused to disclose documents and information required by the initial disclosure provision of Fed. R. Civ. P. 26(a)(1). Plaintiff asserts defendants should have disclosed the files of the Denver Police Department regarding the investigation of the alleged assault for both the criminal and Internal Affairs investigation, including statements given to police by the plaintiff and other witnesses, documents relating to the ultimate discipline and termination of Defendant Clark, documents concerning the Denver Police Department's hiring and retention system and practices and the insurance policy for the City and County of Denver and its police officers. Defendants replied in support of their Motion to Compel [Doc. No. 48, filed March 27, 2008] claiming they were not required to disclose the broad categories of information sought by the plaintiff as initial disclosures and invoking the arguments set forth more fully in their Motion for Protective Order [Doc. No. 41(34), filed March 11, 2008]. The defendants also raise the issue of disclosure of the sealed state records, stating they "cannot disclose the Denver Police Department's investigation of Plaintiff's allegations without being in violation of C.R.S. § 24-72-309," the criminal provisions associated with a sealing pursuant to C.R.S. § 24-72-308.

      B.      <u>Plaintiff's Motion to Compel</u>

On February 20, 2008, Plaintiff filed her first Motion to Compel [Doc. No. 27], requesting the court to order production of the records claimed to be under the protection of a

state sealing order in relation to the misdemeanor criminal case brought against defendant

Rodney Clark incident to Fed. R. Civ. P. 26(a)(1). When Defendant Clark was acquitted in

Colorado state court, he petitioned in a separate action to have all his "criminal justice records"

sealed. Ms. Lumpkin had no notice of the petition for sealing and had no opportunity to

challenge the decision to seal. Plaintiff claims, at a minimum, the internal investigation records,

a compilation of investigative material maintained by the Denver Police Department concerning

not only the criminal case but the disciplinary case as well, should be available to the civil victim

plaintiff in this federal civil rights action and should have been part of defendants' initial

disclosures. Plaintiff argues the defendants have had and still have full access to all the

investigative materials to help prepare their defense against plaintiff's civil action, while

purposefully withholding the evidence from the plaintiff. In response, the defendants filed the

first of their "confidential" documents filed under seal, "Defendants' Confidential Response to

Plaintiff's Motion to Compel Rule 26(a)(1) Disclosures." ("Rsp. Plnt. Mtn. Compel" [Doc. No.

32].) The defendants have admitted the attorneys for Clark and for the City Defendants are in

custody and control of many, if not all, of the documents sought by the Plaintiff. Defendant

Clark argues, however, that the internal investigation and the criminal investigation were

conducted concurrently as part and parcel of one another such that when Mr. Clark was acquitted

after a jury trial and the state district court sealed the criminal justice records pursuant to C.R.S.

§ 24-72-308 on February 1, 2007, that order precluded dissemination of any of the investigative

files. Defendant Clark argued at the hearing on June 20, 2008, that many of the documents

which could otherwise be fairly characterized as internal investigative documents extensively

reference matters in the criminal investigative files, thus rendering them sealed as well.

Additionally, carved out of the general declination to produce documents purportedly under state

seal, the defendants refused to produce documents concerning the hiring and retention, training,

pattern, practice or policy of the defendant concerning sexual assaults on citizens; investigation

files regarding sexual assaults complaints against the DPD; and, the insurance policy for the

police officers at DIA including Defendant Clark.  Generally, the defendants' position is: 1) the

documents requested by the plaintiff are not among the type required to be disclosed by Fed. R.

Civ. P. 26(a)(1), initial disclosures, and that since the plaintiff has propounded document

requests for the same information pursuant to  Fed. R. Civ. P. 34, the Motion is moot; and, 2) the

defendants contend that they have fully complied with their obligation pursuant to Fed. R. Civ.

P. 26(a)(1) as to the insurance policy because they have offered to make the policy available for

inspection.  The upshot of the response, then, is the defendants refuse to provide the documents

requested both because the documents are outside the parameters of Rule 26 and the documents

are under state seal.[1]  Further, defendants will not make copies of the insurance policy as an

initial disclosure since the Rule provides that the information simply be "made available" for

inspection.  Plaintiff replied on April 14, 2008, [Doc. No. 67] , incorporating her Response to

Defendants' Confidential Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) Re:

Sealed Records [Doc. No. 66 - see Section C *supra*].  Plaintiff notes that she is seeking

---

[1]At the hearing, however, the City Defendants indicated they have responded with
several hundred pages of discovery which does not appear to fall within the boundaries of the
sealing order.

disclosure of the same documents for which defendants are seeking protection in their March 11, 2008 motion below.

### C.     Defendants Motion for Protective Order

On March 11, 2008, the defendants filed "Defendants' Confidential Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) Re: Sealed Criminal Records" ("Mtn. for Prot. Ord." [Doc. No. 34]) which squarely addressed and argued the crux of the parties' discovery dispute - whether Colorado state sealing proceedings trump the discovery responsibilities and obligations of parties in a federal proceeding even where a federal protective order would protect the confidentiality of the documents.  Plaintiff responded on April 14, 2008 ("Rsp." [Doc. No. 66]). In part, the plaintiff argues the internal investigation should be treated separately from the investigative files for the criminal prosecution and that those reports, witness statements and other investigative documents, even if mere copies of the documents in the criminal investigative files, are not subject to Judge Naves' sealing order.  Further, plaintiff objects to the characterizations and arguments of defendants concerning the issues of comity and federalism which will be addressed herein.  Defendants filed their Reply on May 2, 2008 [Doc. No. 73].

### D.     Related Orders and Reports

A Stipulated Protective Order applicable to all designated confidential discovery in this case was signed by the court and filed on April 14, 2008.  [Doc. No. 68].

On April 17, 2008, this court Ordered the Plaintiff to file a status report addressing measures she has undertaken to seek relief from the state district court to unseal the criminal justice records for purposes of discovery production in the federal case under the provisions of

the Protective Order entered on April 14, 2008.  On May 5, 2008, Plaintiff responded to the

court's order with a copy of a motion filed in case 06CV12786 (the case number given to the

petition to seal records in criminal case number 05M08222), requesting that the court lift the

sealing order in defendant Clark's case for purposes of satisfying the discovery obligations in the

federal case. [Doc. No. 74]

> On May 21, 2008, this court issued an Order stating,
>
> [F]undamental fairness dictates that all the parties should have the same access to
> witness statements and other investigative materials generated in the internal
> investigation and the criminal prosecution except for limited attorney privileged
> documents. Therefore it is ORDERED that Defendants shall file a status report on
> or before Tuesday, May 27, 2008 describing the measures they have taken in
> Denver County Court case number 05M08222 [the criminal case which was
> sealed] to request that the sealed documents be released for purposes of this case
> under a protective order.  Defendants shall report on the support they have
> provided to plaintiff in her motion to have the documents unsealed for a limited
> purpose.

[Doc. No. 95].  The deadline for filing the status report was extended to May 30, 2008, at which

time the defendants filed their joint status report, attaching Defendant Clark's response to

plaintiff's motion in the state court, opposing the request of the plaintiff to unseal the criminal

justice files for purposes of fulfilling their discovery obligations, in spite of the existence of the

stipulated protective order.   This court notes the response of Defendant Clark to Plaintiff

Lumpkin's motion was filed in the state court on May 14, 2008, approximately one week prior to

the court's Order referenced above.  Mr. Clark, it appears, doggedly  insists on thwarting the

federal discovery process in a determined effort to ensure the defendants are fully and

completely illuminated concerning all aspects of the investigation while keeping the plaintiff,

who was the alleged victim in the criminal case, closeted in the dark, allowing the City

Defendants sit blithely on the fence.

The court held a lengthy motion hearing on June 10, 2008, sealing the courtroom to

promote candor regarding the state court documents under seal. Defendant Clark argued the

state sealing statute created certain privacy rights which vested in Mr. Clark when Judge Naves'

Order entered. Clark argued that these privacy right created a "privilege" which must be

weighed against the federal court's discovery rules. The City Defendants remained neutral on

the issue of this court's remedy for the discovery dilemma posed herein, however, several times

expressed a strong desire to comply with their Rule 34 obligations. It was noted that the City

Defendants did <u>not</u> join in Defendant Clark's opposition to the plaintiff's attempt to have Clark's

records unsealed in the state court. The plaintiff, of course, argued fundamental fairness and

urged this court to order the state court to vacate its sealing order so that discovery could move

forward, clocked by the federal protective order to protect privacy interests.

This court declines to rule that a "privacy right" or "privilege" is created by the state

sealing statute. However, the court has considered Mr. Clark's request that his privacy interests

be weighed against discovery obligations to the plaintiff in a case of this nature where Mr. Clark

denies the underlying facts of the case and was acquitted in an open trial. I have engaged in such

balancing and  I conclude that the plaintiff's and the public's interest in fair treatment for all

litigants far outweighs Defendant Clark's privacy interests in a case which received media

attention at its inception and was the subject of an open, public trial. The court finds that the

protective order which has been entered in the case obviates much of the concern for privacy and

concludes that other such remedies can be fashioned during the course of the litigation if need be shown to protect Mr. Clark's interests.

## II. ANALYSIS

A primary and essential function of a federal court is to provide a forum for addressing alleged violations of civil rights guaranteed by the Constitution and federal statutes. Obviously, seeking the truth and obtaining redress for wrongs, if wrongs have occurred, is the objective and obligation of any federal court. *Stump v. Gates*, 777 F. Supp. 796, 802 (D. Colo. 1991) *judgment rev'd on other grounds*, 211 F.3d 527 (10th Cir. 2000). It is beyond question that the search for truth is frustrated if evidence essential to the prosecution and defense of a civil rights action is left shrouded in secret seclusion to the benefit of one and the detriment of the other. As Colorado District Court Judge Jim Carrigan stated,

> Courts are public institutions. They exist not only for the benefit of the parties and their lawyers, but also to serve the public interest in seeing that justice is done. Generally, therefore, court files and records are public, and where exceptions to public disclosure apply, they should be narrowly construed. At least to the extent consistent with law, those with standing to assert claims should be granted unfettered access to the judicial machinery.

*Id.*

### A. Colorado Sealing Statute

Plaintiff originally filed her civil action in Denver District Court on July 16, 2007 in case number 07CV06828. The complaint sought damages allegedly sustained by plaintiff for sexual assault, kidnaping, false imprisonment, abuse of authority and denial of her civil rights by the Defendant Rodney Clark who allegedly committed the acts during and while he was engaged in his employment as a police officer for the City and County of Denver. (Exh. A [Compl.] to Doc.

No. 3, Notice of Removal). A Notice of Removal bringing the action to federal court was filed by the defendants on September 26, 2007. *Id.*

The plaintiff claims Defendant Clark sexually assaulted her on July 16, 2005 in the parking structure of Denver International Airport. (Compl. ¶ 7) Plaintiff asserts she was working as a security screener for the Transportation Security Administration when she encountered Defendant Clark who was working as a uniformed Denver Police Officer assigned to the same screening area. (*Id.)* Plaintiff states during her shift, Defendant Clark approached her in the screening area and asked her to walk with him to his car, which she did. (*Id.* ¶ 9) Once inside the parking structure, Plaintiff claims Defendant Clark sexually assaulted her. (*Id.* ¶10) Plaintiff's claims include that her constitutional rights were violated (Title 42 U.S.C. § 1983), that all the defendants conspired to violate her constitutional rights (Title 42 U.S.C. § 1985), that the City Defendants were negligent in the hiring, supervision and continued employment of Clark, and that all defendants engaged in outrageous conduct. (Compl. claims for relief one through four).

Defendant Clark denies all of the allegations, and maintains that on July 16, 2005 he completed his shift and then hurried to his car because he had an appointment to meet his wife and children in Brighton, Colorado to see a house they were considering purchasing. (Rsp. Plnt. Mtn. Compel ¶ 2) Defendant Clark further maintains that the only contact he had with Plaintiff on that day consisted of limited casual conversation between them during their respective work shifts. (*Id.)*

As a result of Plaintiff's allegations, Defendant Clark was investigated by the Denver Police Department and misdemeanor criminal charges were eventually brought alleging unlawful sexual contact in Denver County Court Case No. 05M08222. (*Id.* ¶ 3). The criminal case was tried by a jury for three days beginning on June 19, 2006 and defendant Clark was acquitted. (*Id.*) Although Clark was acquitted of criminal charges where the burden of proof is beyond a reasonable doubt, Clark was ultimately fired by the police department as a result of the internal investigation incidents alleged in this case.[2]

The Colorado Criminal Justice Records Act ("CCJRA") provides

(1)(a)(I) Except as otherwise provided in subparagraphs (II) and (III) of this paragraph (a), any person in interest may petition the district court of the district in which any arrest and criminal records information pertaining to said person in interest is located for the sealing of all of said records, except basic identification information, if the records are a record of official actions involving a criminal offense for which said person in interest was not charged, in any case which was completely dismissed, or in any case in which said person in interest was acquitted.

C.R.S. § 24-72-308 (2008). Given that Mr. Clark was acquitted, as a petitioner he was statutorily eligible to seek the sealing of all of the arrest and criminal records information pertaining to him. *See In re T.L.M.*, 39 P.3d 1239, 1240 (Colo. App., 2001).

The CCJRA establishes procedures and criteria governing the inspection of criminal justice records. In enacting the CCJRA, the General Assembly was aware of the public responsibility the law places on criminal justice agencies to investigate, report on, and prosecute

---

[2]At the June 10, 2008 hearing it was learned that Mr. Clark has been reinstated as a police officer pursuant to an agreement with Denver.

criminal acts. *Harris v. Denver Post Corp.*, 123 P.3d 1166, 1174 (Colo., 2005). *Harris* stated

that the General Assembly was "aware that privacy interests and the need for investigative

secrecy may dictate non-disclosure to the public of criminal justice records at a particular phase

of the investigation or judicial proceeding, or at all." *Id.* Clearly a court must weigh competing

interests when a qualified person seeks to seal his or her criminal records, especially when the

records may be needed in future litigation.

On February 1, 2007, upon petition, Denver District Court Chief Judge Larry J. Naves,

presumably after weighing and considering the factors presented, sealed the criminal justice

records in Defendant Clark's case pursuant to C.R.S. § 24-72-308. ("Naves' Order" [Doc. No.

32-2, sealed]) The plaintiff did not have any input in the decision because she was not notified

there was such a proceeding. Judge Naves' sealing order was directed to the Clerk of the Denver

District Court and to the Denver County Court, Denver District Attorney Mitchell R. Morrissey,

Office of the [Denver] City Attorney, Civil Liability Bureau of the Denver Police Department,

Colorado Bureau of Investigation and the State Court Administrator and Vendors. The order

provided, "the Colorado Bureau of Investigation shall forward copies of this Order to every

custodian, which has furnished information to it pursuant to C.R.S. § 24-33.5-412(3) concerning

the subject of this Order."[3] The order also provided that, "the arrest and criminal records

---

[3]     C.R.S. § 24-33.5-412(3)(a) provides, "Any other provision of law to the contrary
notwithstanding and excluding Title 19, C.R.S., except as provided in paragraph (b) of this
subsection (3), on and after July 1, 1971, in accordance with a program to be established by the
bureau, every law enforcement, correctional, and judicial entity, agency, or facility in this state
shall furnish to the bureau all arrest, identification, and final charge dispositional information on
persons arrested in Colorado for federal, state, or out-of-state criminal offenses and on persons

information pertaining to the petitioner, which is the subject [of], Municipal Court case number 05M08222, **is HEREBY SEALED**, except for basic identification information." (emphasis in original).

At the time the petition to seal was filed, the plaintiff had notified the City and County of Denver of her intent to sue, according to the uncontested statements of Ms. Lumpkin's attorney at the June 10, 2008 hearing. Mr. Clark's attorney represented he was unaware of plaintiff's notice. Therefore, Judge Naves was not advised of the probability of a lawsuit wherein the documents might be needed.

The categories of documents and information which may be sealed pursuant to C.R.S. § 24-72-308 are broad. C.R.S. § 24-72-302(1) describes "arrest and criminal records information" as

> information reporting the arrest, indictment, or other formal filing of criminal charges against a person; the identity of the criminal justice agency taking such official action relative to an accused person; the date and place that such official action was taken relative to an accused person; the name, birth date, last-known address, and sex of an accused person; the nature of the charges brought or the offenses alleged against an accused person; and one or more dispositions relating to the charges brought against an accused person.

Additionally, the definitions portion of the statute describes "criminal justice records" as

> all books, papers, cards, photographs, tapes, recordings, or other documentary materials, regardless of form or characteristics, that are made, maintained, or kept by any criminal justice agency in the state for use in the exercise of functions required or authorized by law or administrative rule . . .

C.R.S. § 24-72-302(4).

---

received for service of any sentence of incarceration. . . ." (emphasis added)

The defendants, in their official capacities, would likely be viewed by Colorado courts as "criminal justice agencies" which are defined as

> any court with criminal jurisdiction and any agency of the state or of any county, city and county, home rule city and county, home rule city or county, city, town, territorial charter city, governing boards of institutions of higher education, school district, special district, judicial district, or law enforcement authority which performs any activity directly relating to the detection or investigation of crime; the apprehension, pretrial release, posttrial release, prosecution, correctional supervision, rehabilitation, evaluation, or treatment of accused persons or criminal offenders; or criminal identification activities or the collection, storage, or dissemination of arrest and criminal records information.

C.R.S. § 24-72-302(3). In order to afford protection under the statute, it is unnecessary that defendants be categorized as criminal justice agencies, since the documents at issue are clearly "criminal justice records" made by a criminal justice agency, the Denver Police Department. *In re T.L.M.,* 39 P.2d at 1240.

Further, each of the defendants are "custodians", described as ". . . the official custodian [more fully described in subsection 302(8)] or any authorized person having personal custody and control of the criminal justice records in question." Merely keeping copies of the police reports in their custody as part of their files or records causes a person or entity to become "custodians" of such criminal justice records. *Id. See* C.R.S. § 24-72-302(5), (8).

There are however important exceptions to the sealing provisions. One such exception carves out a specific exemption for the obligations of litigants involved in civil discovery:

> Court orders sealing records of official actions entered pursuant to this section **shall not limit the operation of rules of discovery promulgated by the supreme court of Colorado**.

C.R.S. § 24-72-308(3)(b). Clearly, the Colorado legislature did not intend for sealing orders under the CCJRA to act as a bar to legitimate discovery obligations in its own courts. The defendants, however, argue that the same consideration should not be accorded to discovery obligations in federal civil actions. Interestingly, coupled with this position, it is not beyond the notice of this court that it was the defendant who removed this case to federal court, thus taking the issue away from the clearly crafted state exception. It is to this exception that petitions to unseal records for the limited purpose of discovery production in a separate civil action could be addressed and considered by the state court, if the case had not been removed.

      B.     Comity and Federalism

In *Younger v. Harris*, 401 U.S. 37, 44 (1971), the Supreme Court of the United States articulated some of the principles and policies that underlie the "notion of 'comity'" that exists between our national and state governments. This

> notion of "comity" ... is [ ] a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. This, perhaps for lack of a better and clearer way to describe it, is referred to by many as "our Federalism," and one familiar with the profound debates that ushered our Federal Constitution into existence is bound to respect those who remain loyal to the ideals and dreams of "Our Federalism." ... What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id.* at 44-45.

The Supreme Court has stated that these "elementary principles of federalism and comity" are "embodied in the full faith and credit statute, 28 U.S.C. § 1738." *Growe v. Emison*, 507 U.S. 25, 35-36 (1993); *see also Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986). The Full Faith and Credit Clause provides,

> The Acts of the legislature of any State, Territory, or Possession of the United States ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738. To the extent that the acts of state legislatures do not conflict with the federal Constitution, statutes, and regulations and, thus, run afoul of the Supremacy Clause, U.S. Const., Art. VI, cl. 2, the federal courts are obliged to afford the "Acts of state legislatures" the same respect that the States' <u>own courts</u> would grant those statutes. *McDonald v. City of West Branch, Michigan,* 466 U.S. 284, 288 n. 7 (1984).

In the present case, Judge Naves has sealed the criminal justice records of defendant Clark pursuant to the state's sealing statute, created to protect the privacy of individuals who are charged with crimes but later acquitted. As noted, the Colorado statute provides that sealing orders do **not** obviate a civil litigant's Colorado discovery obligations. In spite of the state's obvious concerns with the very situation presented by this case, federal courts are dissuaded from directing an order to a state court when the state court has a mechanism for itself supplying a remedy to the comity problem upon petition by one of the federal litigants.

Wrestling with the push/pull of comity, in *Socialist Workers Party v. Grubisic*, 619 F.2d 641 (7th Cir. 1980), the Seventh Circuit considered an appeal by the state's attorney of a district

court order requiring that he produce transcripts from a Cook County grand jury.  That court held

that "notions of comity between the state and federal courts require that the plaintiffs <u>first</u> seek

disclosure in the state court with the supervisory powers over the grand jury." *Id.* at 643.  The

*Grubisic* Court explained that

> comity dictates that the federal courts defer action on any disclosure requests until
> the party seeking disclosure shows that the state supervisory court has considered
> his request and has ruled on the continuing need for secrecy. Otherwise the
> potential threat of disclosure orders in subsequent federal civil litigation would
> seriously weaken the state court's control over the secrecy of this essential
> component [grand jury proceedings] of its criminal justice system.

*Id.* at 644.  *See also  American Tank Transport, Inc. v. First People's Cmty. Fed. Credit Union*,

1996 WL 265993 (4th Cir. May 20, 1996) (*per curiam*); *Brunson v. City of Dayton*, 163

F. Supp.2d 919, 923 (S.D. Ohio 2001) (granting motion to quash subpoena seeking the

production of state grand jury matter because of plaintiff's failure to first seek an order from the

state court supervising the grand jury); *Puricelli v. Borough of Morrisville*, 136 F.R.D. 393 (E.D.

Pa. 1991) (court refrained from ordering disclosure of state grand jury transcripts because of

comity consideration and directed parties to jointly petition supervising judge for release of

materials).

　　The Tenth Circuit addressed just this situation in *United States ex rel. Woodard v. Tynan*,

776 F.2d 250 (10th Cir. 1985) (*en banc*).  In that case the corporate records of a civil defendant

had been sealed pursuant to a court order in a state criminal proceeding.  The Tenth Circuit,

commenting on *Grubisic* stated, "[w]e agree with the Seventh Circuit's approach. A state order

cannot foreclose a federal court from access to materials if a federal district court determines that

disclosure is essential in a case properly before it." *Id.* at 1089-90. The *en banc* court noted, however, that the grand jury records sought in discovery could be made readily available to one of the parties by simply filing a motion in the state court, which could unseal the records and thereafter order the records produced for adequate response to a Fed. R. Civ. P. 34 document request in the federal civil action. *Id.* at 252.

It is undisputed in this case that the defendants have "control" of the documents at issue. the attorney for Mr. Clark advised the court at the hearing that he has most, if not all, of the disputed records. Plaintiff in the instant case has made concerted efforts to secure release of the records from the state court much like the plaintiff in *Tynan*; defendant Clark, however, has purposefully blocked her efforts and the City Defendants have provided her no support. C.R.S. § 24-72-308(1)(e) provides

> (e) Inspection of the records included in an order sealing criminal records may thereafter be permitted by the court **only upon petition by the person who is the subject of such records** or by the prosecuting attorney and only for those purposes named in such petition.

*Id.* (emphasis added).

For discovery purposes, a party "controls" documents which it has the right, authority, or ability to obtain upon demand. *See* 10A Fed. Proc., L. Ed. § 26:626; *Pitney Bowes, Inc. v. Kern Intern., Inc.*, 239 F.R.D. 62 (D. Conn. 2006); *Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd.,* 233 F.R.D. 338, 63 Fed. R. Serv. 3d 566 (S.D. N.Y. 2005). "Control" means a party's legal right, authority, or practical ability to obtain the materials sought on demand. *Id.*; *Steele Software Systems, Corp. v. DataQuick Information Systems, Inc.*, 237 F.R.D. 561, 66 Fed. R.

Serv. 3d 508 (D. Md. 2006); *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135 (S.D.N.Y. 1997); *American Society For Prevention of Cruelty To Animals v. Ringling Brothers and Barnum & Bailey Circus,* 233 F.R.D. 209, 64 Fed. R. Serv. 3d 171 (D.D.C. 2006) ("Control," for purposes of discovery rule permitting any party to request production of relevant documents in the "possession, custody or control of the party upon whom the request is served," includes documents that a party has the legal right to obtain on demand.) Thus a party who does not have actual possession of documents but who has a right to obtain them on demand may be required to exercise that right in order to meet the requirements of Fed. R. Civ. P. 34. *Alexander v. F.B.I.*, 194 F.R.D. 299 (D.D.C. 2000). A defendant cannot evade production of documents by conveniently claiming a lack of access when the documents are sought for discovery purposes. *New York ex rel. Boardman v. National R.R. Passenger Corp.*, 233 F.R.D. 259 (N.D. N.Y. 2006).

In *Tynan* the Tenth Circuit endorsed a procedure whereby the federal court would order the defendant in the federal action to move for release of the records in state court so that discovery requests pursuant to Rule 34 could be honored. The court stated, "[i]f the state court will return the documents to defendants, so that discovery can be completed in the federal civil suit, we will avoid having to decide the Supremacy and Full Faith and Credit Clause constitutional questions." *Id. See also Powell v. Merrimack Mutual Fire Insurance Co.*, 80 F.R.D. 431, 433 (N.D. Ga.1978) (request for documents in possession of Internal Revenue Service), *Karlsson v. Wolfson*, 18 F.R.D. 474, 476-77 (D. Minn. 1956) (request for tax returns in custody of federal, state, municipal, and foreign entities) and *Paramount Film Distributing Corp.*

*v. Ram*, 91 F. Supp. 778, 781-82 (E.D.S.C. 1950) (request for tax returns and bank records in custody of governmental agencies, banks, and third parties). *Id.* In this case, the records reside in the custody of the attorney for Clark and the attorney for the City Defendants, as well as the in the custody of the investigative agency, the Denver Police Department.

In contexts other than grand jury materials, the Tenth Circuit has taken the same approach to obtaining documents under seal or otherwise unavailable. Federal courts have the authority to order defendants to request release of their records from parties maintaining them so defendants can comply with discovery obligations. *See Rodriguez v. IBP,* 243 F. 3d 1221, 1230 (10th Cir. 2001) (court entitled to order defendant to sign release for social security disability records or get the records himself and produce them as discovery in the civil case); *Bowman v. Consolidated Rail Corp.*, 110 F.R.D. 525 (N.D. Ind. 1986) (where a party has claimed government benefits and has a statutory right, upon request, to be supplied information from the agency's records pertaining to her claim, that party can be forced to obtain the documents and produce them pursuant to a Rule 34 request.); *Tollefsen v. Phillips*, 16 F.R.D. 348 (D. Mass. 1954) (a party may be required to produce copies of his tax returns if he has a statutory right to obtain them).

Principles of comity and federalism demand that this court, faced with the dilemma of the plaintiff's need for investigative materials which the defendants have at their disposal, and a respect for a state court sealing order which was generated after deliberation and for a legitimate and recognized purpose, must consider directing the defendants to formally petition the appropriate state judicial officer to grant such access before considering issuing an order which

would impinge on the principals of comity. *See also Camiolo v. State Farm Fire and Cas. Co.*, 334 F.3d 345, 356 (3d Cir. 2003). In the final analysis, however, should the state court refuse to unseal the materials for the limited purposes associated with this case, Federal law is, of course, supreme; "[t]o [ ] federal statute and policy, conflicting state law and policy must yield. Constitution, Art. VI, cl. 2." *Liner v. Jafco, Inc.*, 375 U.S. 301, 309 (1964).

C.    Need for the Materials

In *Tynan*, the Tenth Circuit clearly stated that it is within a federal district court's province to determine whether disclosure of materials subject to state sealing orders or requirements are essential to a case properly before it. *Id.* at 1090. The court stated, "without knowledge of the state court's reasons [for requiring the documents to remain secret] we do not understand why the [plaintiffs] should be denied access to those documents necessary to make their civil case." *Id.* at 252. This court is mindful of the Supreme Court's instruction in *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 431, that the need for access in a civil action to the storehouse of evidence compiled by a grand jury "is ordinarily nothing more than a matter of saving time and expense" because "in most cases, the same evidence that could be obtained from the grand jury will be available through ordinary discovery or other routine avenues of investigation." *Id.* This court must consider whether the same could be said of the investigative files and records compiled by the Denver Police Department with respect to the investigation of the plaintiff's allegations in the criminal case and the disciplinary review. This court must consider not only the nature of the evidence sought, but also the extent of the moving party's efforts to utilize ordinary discovery to obtain the desired evidence and the degree to which these

efforts were unfruitful.   I find that Plaintiff Lumpkin simply cannot re-create the information in

the form of witness statements and other evidence compiled by the Denver Police Department at

or near the time the incident occurred on her own.  The witness statements on file as part of the

criminal justice records could be used to refresh recollection and to impeach witnesses who now,

in 2008, may not as clearly remember the events as when the statements were made.  Given that

there is a Protective Order governing the dissemination of the information which would be

obtained absent the state seal on the records, the burden and detriment suffered by the plaintiff is

far greater than the protections afforded to defendant Clark by the sealing order.

**CONCLUSION**

This court, like the court in *Tynan*, does not  understand why the plaintiff should be

denied access to those documents necessary to make her civil case.  776 F.2d at 252.  The

defendant should not be allowed such an enormous and uneven advantage in this civil case, but

rather the case should be adjudicated on its merits with all parties having equal access to the

investigative materials compiled at or near the time of the incident.

It is therefore ORDERED:

1.        Defendants' Confidential Motion for Protective Order Pursuant to Fed.R.Civ.P.

26(c) Re: Sealed Criminal Records [Doc. Nos. 34/41] is DENIED.  It is further ORDERED:

> a.        Defendant Rodney Clark is ORDERED to withdraw his "Response to
> Plaintiff's Petition to Inspect Criminal Records and for Limited Lifting of Sealing
> Order" filed in case no. 06CV12786.  (A copy of that opposition response was
> attached to the Defendants' status report, Doc. No. 105/112).  The withdrawal of
> the opposition response will be filed on or before two business days after the
> filing of this Order.

b.    Defendant Rodney Clark is ORDERED to file a motion in case number 06CV12786, requesting the court to unseal the criminal justice records originally pertaining to case no. 05M08222, for the limited purpose of complying with discovery in this federal case. The motion to unseal will contain a paragraph advising the state court that the co-defendants in the federal case, the City and County of Denver, Chief of Police Gerald R. Whitman and Mayor John Hickenlooper do not object to the unsealing of the records. The motion to unseal will advise the state court that any disclosure of the documents unsealed by the court will be made under the auspices of the Stipulated Protective Order issued in this case and a copy of the Stipulated Protective Order [Doc. No. 68] will be attached to the motion. The motion to unseal will also attach a copy of this Order. The motion to unseal will be filed on or before five business days after the filing of this Order.

2.    Defendants Gerald R. Whitman, John Hickenlooper, and City and County of Denver's Motion to Compel [Doc. No. 25] is GRANTED in part and DENIED in part. Upon the state court's ruling to unseal criminal justice records and upon production by the defendants of the plaintiff's prior statements in discovery and other materials requested pursuant to Fed. R. Civ. P. 34, the plaintiff is ORDERED to appear pursuant to a Notice of Deposition filed by the defendants for a deposition.

3.    Plaintiff's Motion to Compel Rule 26(a)(1) Disclosures [Doc. No. 27] is DENIED as moot because plaintiff has submitted discovery requests pursuant to Fed. R. Civ. P. 34 which more accurately and fully request the production of the documents.

4.    Plaintiff's Motions to Compel filed May 9, 2008 [Doc. Nos. 82, 83 and 84], are held in abeyance as to all issues involving non-production on the basis of the currently sealed state court criminal justice records. All other issues remain in controversy. The defendants will be allowed to supplement their responses to the motions to compel, consistent with the court's

rulings herein on or before July 3, 2008.  Plaintiff's reply will be due to both the responses and the supplemental responses on or before July 18, 2008.

       5.      Plaintiff's Motion for Extension of Scheduling Order Deadlines [Doc. No. 90, filed May 14, 2008] is GRANTED.  The current dates set forth for completion of discovery in the Scheduling Order dated November 29, 2007 [Doc. No. 23] are hereby VACATED.  <u>This Order does not purport to affect or extend any dates set forth in the Trial Preparation Order - Civil issued by District Court Judge Marcia Krieger on November 29, 2007 [Doc. No. 22]</u>.  A status/scheduling conference is set for **July 29, 2008** at 9:00 a.m.  If the state court has issued a ruling on Defendant Clark's motion to unseal criminal justice records before that date, the parties shall submit a Proposed Scheduling Order on or before July 22, 2008.  If the state court has not issued a ruling on Defendant Clark's motion, the parties shall submit a status report updating all current discovery and any developments in the state case.  The parties are directed to continue to participate in the discovery process consistent with this Order.

       Dated this 16th day of June, 2008.

                            BY THE COURT:


                            s/ Kathleen M. Tafoya
                            KATHLEEN M. TAFOYA
                            United States Magistrate Judge