IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02015-MSK-KMT

NICOLE LUMPKIN,

    Plaintiff,

v.

RODNEY CLARK, individually and as a Police Officer of the City and County of Denver,
GERALD R. WHITMAN, individually and as Chief of Police of the City and County of Denver,
JOHN HICKENLOOPER, individually and as Mayor of the City and County of Denver,
and the
CITY AND COUNTY OF DENVER, a municipal Corporation,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's Second Motion to Compel Answers to Interrogatories from Defendant City and County of Denver [Doc. No. 157] and Plaintiff's Second Motion to Compel Responses to Request for Production of Documents from Defendant City and County of Denver ("Mot to Compel" [Doc. No. 158]).

### *ISSUE PRESENTED:*

The court heard oral argument on both motions on March 26, 2009 and issued Orders resolving many of the outstanding matters of contention. The court granted, in part, the plaintiff's motion to produce police investigative files concerning complaints against police officers or employees of the Denver Police Department regarding sexual behavior, including but not limited to rapes, sexual assaults, sexual contact, sexual harassment or sexual conduct of any

kind, from January 1, 2000 through July 16, 2005.  I ordered, however, that the documents in the files be redacted to substitute a unique number in the place of a name for each police officer or employee whose names appeared in the records[1].  I also ordered that the records be redacted to remove the name and other identifying information in place of the complainant in each of the files.

I took under advisement the question of whether certain of those police files designated as pertaining to "sexual harassment" as identified by the City and County of Denver ("City") for the time period January 1, 2000 through July 16, 2005 would similarly be disclosed in redacted form.  As to files alleging "sexual harassment" – as opposed to other kinds of sexual behavior complaints – the City claims it is prohibited from producing the files even in redacted form, relying upon Colo. Rev. Stat. § 24-72-204(3)(a)(X).  Further briefing was submitted by both parties on March 30, 2009.  (See Doc. Nos. 177 and 178.)

*ANALYSIS:*

The statute in question is part of the Colorado Open Records Act and provides that a custodian of records can deny the right of public inspection of certain records, otherwise available pursuant to the Colorado Open Records Act.  Section 24-72-204(3)(a)(X)(A) provides:

> (3) (a) The custodian shall deny the right of inspection of the following records, **unless otherwise provided by law**; except that any of the following records,

---

[1] For each officer or employee who was given a number, that same number would be consistently used throughout the discovery production so that should an officer or employee be named in more than one file, it could be readily ascertained by use of his or her own unique identifying number.

> other than letters of reference concerning employment, licensing, or issuance of permits, shall be available to the person in interest under this subsection (3);
>
> (X) (A) Any records of sexual harassment complaints and investigations, whether or not such records are maintained as part of a personnel file; except that, an administrative agency investigating the complaint may, upon a showing of necessity to the custodian of records, gain access to information necessary to the investigation of such a complaint. This sub-subparagraph (A) shall not apply to records of sexual harassment complaints and investigations that are included in court files and records of court proceedings. Disclosure of all or a part of any records of sexual harassment complaints and investigations to the person in interest is permissible to the extent that the disclosure can be made without permitting the identification, as a result of the disclosure, of any individual involved. This sub-subparagraph (A) shall not preclude disclosure of all or part of the results of an investigation of the general employment policies and procedures of an agency, office, department, or division, to the extent that the disclosure can be made without permitting the identification, as a result of the disclosure, of any individual involved.

*Id.* (emphasis added).

This statutory provision is part "of a comprehensive statutory framework for inspection and copying, by members of the public, of records maintained by state and local governments and governmental agencies." *Martinelli v. District Court for the City and County of Denver*, 612 P. 2d 1083, 1093 (Colo. 1980). Colorado has long held, however, that the open records laws are limited by the language "otherwise provided by law." *Id*. The Colorado Supreme Court held

> We construe this limiting language, . . .as a reference to the rules of civil procedure and as expressive of the legislative intent that a court should consider and weigh whether disclosure would be contrary to the public interest.

*Id.* The court further held "the legislature did not intend that the open records laws would supplant discovery practice in civil litigation." *Id.*

3

In federal question cases, privilege determinations depend solely on the application of federal statutes and general principles of common law as interpreted by federal courts. Fed. R. Evid. 501; *Dixon v. City of Lawton, Okla.*, 898 F.2d 1443, 1450 (10th Cir. 1990). Federal litigation is subject to Fed. R. Civ. P. 26(b)(1), providing that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The phrase 'relevant to the subject matter involved in the pending action' "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Federal courts in this jurisdiction have come to the same conclusion as the Colorado state courts about the limiting language in Colorado's Open Records provisions. In *Morrison v. City and County of Denver*, 80 F.R.D. 289, 291 (D. Colo. 1978), Senior Judge John L. Kane concluded in reviewing Colo. Rev. Stat. § 24-72-203,

> Since the statute expressly includes inspection as provided by law, I need give it no other construction which would place it in controversy with the Rules of Civil Procedure. Thus, I am not required to address the issue of whether such a state statute could abridge the federal judicial process by prohibiting or limiting discovery. The statute and the rules are not in conflict; they are in harmony.

*Id.* at 291. Judge Kane further stated, "[t]he [Colorado Public Records] Act was never intended to thwart discovery in litigation." *Id.*; *See also Berniger v. Denver and Rio Grande Western Railroad Co.*, 139 F.R.D. 175, 177 (D. Colo. 1991) (". . . there is no specific denial of access to

4

these records by the Colorado Open Records Act when pretrial discovery is on-going."); *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432 (10th Cir. 1981)

Privileges must be narrowly construed, *United States v. Nixon,* 418 U.S. 683, 710 (1974), especially "where an assertion of privilege must "overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action." *Mason v. Stock*, 869 F. Supp. 828, 833 (D. Kan. 1994).

The plaintiff in this case must rely upon circumstantial evidence and statistical data and evidence of the City's overall practices to prove elements of her case.  This court's earlier order with respect to the redaction of other case files and complaints involving sexual behavior provides a means to give adequate protection to the legitimate interest of the non-party accused police officers and employees and the non-party complainants whose names appear in qualifying "sexual harassment" files in possession of the City.  The redaction of information in the same manner as with the other investigative files being produced in this case will insure the information is not being used or abused for any purpose other than this litigation.

Wherefore, it is hereby **ORDERED**

The City and County of Denver's objection to production of the redacted investigative files with respect to complaints of sexual harassment based on the provisions of Colo. Rev. Stat. § 24-72-204(3)(a)(X) is **OVERRULED** and **DENIED**.  The City will produce in discovery – in accordance with the deadlines previously established – investigative files concerning complaints regarding sexual harassment levied against police officers or employees of the Denver Police Department for the period January 1, 2000 through July 16, 2005.  Those files shall be redacted

in the same or similar manner as previously ordered for discoverable files involving complaints about sexual conduct of any kind, by substituting a number for any officer or employee name appearing in the files and redacting entirely the name and identifying information of the complainant.

Dated this 8th day of April, 2009.

**BY THE COURT:**

_Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge